**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DONALD J. HUMPHREY,** as
Administrator of the Estate of
Mary Ann Humphrey,

               **Plaintiff,**                      1:14-cv-80
                                                                    (GLS/TWD)

            v.

**KENNETH D. RILEY et al.,**

               **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Rheingold, Valet Law Firm          THOMAS P. VALET, ESQ.
113 East 37th Street
New York, NY 10016

**FOR THE DEFENDANTS:**
*Kenneth D. Riley, Mary Imogene
Bassett Hospital*
Carter, Conboy Law Firm            EDWARD D. LAIRD, JR., ESQ.
20 Corporate Woods Boulevard    WILLIAM C. FIRTH, ESQ.
Albany, NY 12211

*Peter R. Cole, Chandra Jones, Sailaja
Alapati, Bhavana Daruvari, Albany
Medical Center*
Maynard, O'Connor Law Firm     THOMAS G. DALEY, ESQ.
6 Tower Place                             AARON F. CARBONE, ESQ.
Albany, NY 12203

*Bayer Healthcare Pharmaceuticals,
Inc.*
Goldberg, Segalla Law Firm        JOHN J. JABLONSKI, ESQ.

665 Main Street  LATHA RAGHAVAN, ESQ.
Suite 400
Buffalo, NY 14202

**Gary L. Sharpe**
**Chief Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff Donald J. Humphrey, as Administrator of the Estate of Mary Ann Humphrey, commenced this action against defendants Kenneth D. Riley, D.O., Peter R. Cole, M.D., Chandra Jones, M.D., Sailaja Alapati, M.D., Bhavana Daruvari, D.O., Darielle D. Dartt, CRNA, the Mary Imogene Bassett Hospital, Albany Medical Center (collectively "New York defendants"), and Bayer Healthcare Pharmaceuticals, Inc., alleging several causes of action generally sounding in negligence, medical malpractice, and products liability, as well as a claim pursuant to New York General Business Law for consumer fraud. (*See generally* Compl., Dkt. No. 1, Attach. 1 at 3-38.) Bayer filed a pre-answer motion, pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of Humphrey's complaint. (Dkt. No. 5.) Also pending is Humphrey's motion, pursuant to 28 U.S.C. § 1447(c), seeking remand of this case to the Supreme Court of the State of New

2

York, County of Albany, because it was improperly removed, and also seeking the imposition of costs for the motion to remand.[1]  (Dkt. No. 6; Dkt. No. 6, Attach. 1 at 1.)  For the reasons that follow, Humphrey's motion is granted insofar as it seeks remand of this case to state court and denied insofar as it seeks an award of costs, and Bayer's motion to dismiss is denied.

## II. **Background**[2]

Humphrey commenced this action as administrator of the estate of decedent Mary Ann Humphrey, his spouse.  (Compl. ¶¶ 1, 198.)  Humphrey's complaint alleges several causes of action against defendants stemming from Mary Ann's use of the Mirena intrauterine device (IUD), a contraceptive device designed and sold by Bayer.  (*Id.* ¶ 81.)  Specifically, Humphrey alleges that Mary Ann's use of the Mirena IUD was "the cause of or conduit for" several medical ailments that she developed, including "a Beta Hemolytic Strep Group A ('GAS') infection, pelvic inflammatory disease, pelvic abscess and toxic shock syndrome."  (*Id.* ¶¶ 108, 155, 196.)

---

[1] Humphrey has also filed a letter motion requesting that Bayer's motion to dismiss be adjourned in light of the pending motion to remand.  (Dkt. No. 7.)

[2] The facts are drawn from Humphrey's complaint and presented in the light most favorable to him.

3

On December 23, 2011, Mary Ann went to Bassett Hospital, complaining of "headaches, rashes, [vision problems], abdominal pain, fever, nausea, vomiting and diarrhea." (*Id.* ¶¶ 93-94.) On December 26, she went to Albany Medical Center hospital with the same complaints. (*Id.* ¶¶ 95-106.) Humphrey alleges that the medical staff that attended to Mary Ann did not properly diagnose and treat her conditions, and failed to identify the Mirena IUD as the cause of her symptoms, ultimately resulting in her death on December 27. (*Id.* ¶¶ 108, 196.)

Humphrey commenced this action in New York State Supreme Court in Albany County[3] in November 2013. (Compl.) In the complaint, he indicates that he is a New York resident, (*id.* ¶ 2), as are all defendants, (*id.* ¶¶ 3-28), except for Bayer, which is a Delaware corporation having its primary place of business in New Jersey, (*id.* ¶ 79). Bayer subsequently removed the action to this court, on the basis of diversity jurisdiction. (Dkt. No. 1 ¶¶ 7-17.) Specifically, Bayer asserts that the citizenship of the New York defendants "may be disregarded for jurisdictional purposes since those defendants . . . were fraudulently misjoined." (*Id.* ¶ 7.) Humphrey

---

[3] The caption of the complaint indicates, apparently in error, that it was filed in the "County of Montgomery," (Dkt. No. 1, Attach. 1 at 3), although it appears from the summons, (Dkt. No. 1, Attach. 1 at 1), and the parties' motion papers, (Dkt. No. 6, Attach. 1 at 1; Dkt. No. 25 at 1; Dkt. No. 28 at 1), that it was in fact commenced in Albany County.

4

has since moved to remand the action to the state court where it was commenced. (Dkt. No. 6.)

### III. Standard of Review

With respect to cases removed to federal court from state court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Accordingly, "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. UPS, Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (internal quotation marks and citation omitted). "Unless that burden is met, the case must be remanded back to state court." *Id.* (internal quotation marks and citation omitted).

### IV. Discussion

**A. Joinder of Parties**

In support of his motion to remand, Humphrey argues that this action was improperly removed by Bayer because complete diversity of

5

citizenship is lacking among the parties, as both Humphrey and all of the defendants, save Bayer, are New York residents. (Dkt. No. 6, Attach. 1 at 5-18.) Additionally, Humphrey argues that there has been neither fraudulent joinder nor fraudulent misjoinder here, such that no exception to the complete diversity rule applies. (*Id.*)[4] In support of removal, and in opposition to Humphrey's motion to remand, Bayer argues that the New York defendants were fraudulently misjoined here in order to destroy the diversity of the parties. (Dkt. No. 28 at 3-8.) Specifically, Bayer argues that because the medical malpractice-related claims against the New York defendants are insufficiently related to the product liability-related claims asserted against Bayer, joinder is improper pursuant to Fed. R. Civ. P. 20. (*Id.*) Alternatively, Bayer argues that the court may retain jurisdiction over the claims against it by severing the claims against the New York defendants, because they are dispensable parties. (*Id.* at 8-12.) For the reasons that follow, Humphrey's motion for remand is granted.

Under the removal statute, defendants may remove an action from

---

[4] Albany Medical Center, Cole, Jones, Alapati, and Daruvari have submitted a memorandum in support of Humphrey's motion to remand, articulating many of the same arguments as Humphrey. (Dkt. No. 25.) Bassett Hospital and Riley have indicated that they "have no . . . arguments to submit in support of nor in opposition to the pending [m]otion" to remand. (Dkt. No. 30.)

6

state court if it originally could have been brought in federal court.  *See* 28 U.S.C. § 1441(a).  When removal is based on diversity jurisdiction, defendants must show that there is complete diversity of citizenship between plaintiffs and defendants.  *See id.* § 1332; *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).  However, "a plaintiff may not defeat a federal court's diversity jurisdiction . . . by merely joining as defendants parties with no real connection with the controversy," a practice known as "fraudulent joinder."  *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998).  A party seeking to establish fraudulent joinder in the Second Circuit "bears a heavy burden."  *Id.* at 461; *see Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (internal quotation marks and citation omitted)).  To prove fraudulent joinder, the party asserting it "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the

non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461.

Bayer argues for a third exception to the complete diversity rule, namely "fraudulent misjoinder." (Dkt. No. 28 at 3-8.) This concept originated in an Eleventh Circuit decision, *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), but neither the Northern District of New York nor the Second Circuit has yet addressed it. "Fraudulent misjoinder occurs when a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Nolan v. Olean Gen. Hosp.*, 13-CV-333-A, 2013 WL 3475475, at *3 (W.D.N.Y. July 10, 2013) (internal quotation marks and citation omitted). Generally, pursuant to Fed. R. Civ. P. 20, parties may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Assuming, without deciding, that fraudulent misjoinder is a potential

8

exception to the complete diversity rule in this Circuit, it would not apply here, as the parties were properly joined. Although, as Bayer argues, some of the product liability claims against it appear to be distinct, to a certain extent, from some of the claims against the New York defendants, it is certainly the case that the claims in the complaint, as a whole, share common questions of law and fact. Specifically, Humphrey's wrongful death cause of action alleges that the "negligence . . . of . . . defendants . . . caused, precipitated and/or hastened the death of the decedent on December 27, 2011." (Compl. ¶ 196.) Although Humphrey also retains separate claims against Bayer that he has not asserted against the New York defendants, and vice versa, the gist of the complaint is that Mary Ann's use of Bayer's Mirena IUD caused her several medical conditions, that the New York defendants failed to properly diagnose and treat those same conditions, and that the combination of these factors ultimately resulted in her death. (*See generally id.*) This will undoubtedly raise common questions of law and/or fact, particularly with regard to causation and the apportionment of liability, and the claims in this case arise from the same underlying transaction. *See Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) ("Courts within this Circuit repeatedly have

9

interpreted the phrase 'same transaction' to encompass all logically related claims and have counseled that such determinations are to be made on a case-by-case basis." (internal quotation marks and citation omitted)). Therefore, these causes of action satisfy the requirements of Fed. R. Civ. P. 20, and defendants here are properly joined. *See, e.g.*, *Nolan*, 2013 WL 3475475, at *3 (holding that claims against both product manufacturer and hospital personnel were properly joined where "the claims all arise from the use of insulin pens at [the h]ospital . . . [t]herefore, the 'fraudulent misjoinder' doctrine is inapplicable"); *In re Fosamax Prods. Liab. Litig.*, Nos. 1:06-MD-1789, 1:07-cv-2442, 1:07-cv-9564, 1:07-cv-9485, 1:07-cv-3792, 2008 WL 2940560, at *10 (S.D.N.Y. July 29, 2008) (holding that fraudulent misjoinder not present where "[a]ll of the claims asserted by [the plaintiff] arise from her suffering of jaw-related injuries" because "[s]he alleges that [a drug manufacturer]'s failure to adequately warn that taking [the drug] created a risk of these injuries caused their onset, and that the [treating dentists]' failure to properly diagnose and treat the injuries caused their aggravation").

With respect to Bayer's alternative argument that the court may sever the New York defendants because they are dispensable parties in the

10

context of the claims against Bayer, for many of the same reasons articulated above, the court declines to sever the defendants in this action. Severing the claims here would result in Humphrey being required to maintain separate litigation against the New York defendants in state court, while also maintaining this closely related action against Bayer in federal court. The Second Circuit has articulated that it would not be an abuse of discretion by the trial court to deny severance, in order to maintain federal jurisdiction, where it would result in a plaintiff having to maintain "two parallel litigations: one in federal court against the diverse defendants and one in state court against" the non-diverse defendants. *Rost v. Pfizer, Inc.*, 502 F. App'x 51, 52-53 (2d Cir. 2012); *see Nolan*, 2013 WL 3475475, at *1 ("[D]ismissal of the non-diverse defendants pursuant to Fed. R. Civ. P. 21 to establish complete diversity of citizenship would result in duplicative, wasteful litigation in federal and state courts that could result in conflicting rulings."); *Reuter v. Medtronics, Inc.*, No. 10-3019, 2010 WL 4628439, at *5 (D.N.J. Nov. 5, 2010) ("To the extent each [d]efendant tries to shift liability, the design and manufacture of the product and [the doctor]'s conduct will be central issues. Severing the claims would result in the duplication of evidence, increase the cost of litigation, and carries with it the potential for

inconsistent verdicts."), *report and recommendation adopted*, 2010 WL 4902662 (D.N.J. Nov. 23, 2010).

Because the New York defendants are citizens of the same state as Humphrey, complete diversity does not exist. It follows that this court lacks diversity jurisdiction over this action, and it is therefore remanded to the New York State Supreme Court in Albany County. Given that the court lacks subject matter jurisdiction over this action, Bayer's motion to dismiss is denied.

B. **Request for Costs**

Humphrey has also requested an award of costs and attorney's fees incurred as a result of the improper removal. (Dkt. No. 6, Attach. 1 at 1.) Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award costs is in the court's discretion. *See Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992). An award of costs and expenses is not in order here because Bayer's fraudulent joinder arguments in support of removal, while ultimately unsuccessful, were not frivolous. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Humphrey's motion for remand (Dkt. No. 6) is **GRANTED** insofar as it seeks remand of this case to state court and **DENIED** insofar as it seeks an award of costs; and it is further

**ORDERED** that Bayer's motion to dismiss (Dkt. No. 11) is **DENIED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that Humphrey's letter motion requesting an adjournment of Bayer's motion to dismiss (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that this action is **REMANDED** to the New York State Supreme Court in Albany County for all further proceedings; and it is further

**ORDERED** that the Clerk is directed to mail a certified copy of this Memorandum-Decision and Order to the Clerk of Supreme Court of the State of New York in Albany County and instruct him to file the

Memorandum-Decision and Order in *Humphrey v. Riley et al.*, Index No. 6231/13; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 10, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court